**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald N. Pancho, Sr., | CV-12-473-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Donald N. Pancho, Sr.'s Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 23). After reviewing the arguments of the parties, the Court now issues the following ruling.

On August 20, 2008, Plaintiff filed applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, alleging disability beginning February 1, 2008. (Transcript of Administrative Record ("Tr.") at 117-128, 19.) His application was denied initially and on reconsideration. (Tr. at 62-65, 19.) On April 29, 2009, he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 85-86, 19.) A hearing was held on June 10, 2010. (Tr. at 34-61, 19.) On July 21, 2010, the ALJ issued a decision in which she found that Plaintiff was not disabled. (Tr. at 16-33.) Thereafter, Plaintiff requested review of the ALJ's decision. (Tr. at 14-15.)

The Appeals Council denied Plaintiff's request, (Tr. at 1-6), thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). This Court, after reviewing the

1 administrative record and the arguments of the parties, remanded this matter to the
2 Commissioner for further proceedings. (Doc. 19.) Specifically, the Court found that the ALJ
3 failed to provide sufficient explanation for finding Plaintiff not fully credible. (Doc. 19.)
4 The ALJ failed to seek an explanation from Plaintiff pursuant to SSR 96-7p regarding why
5 he had allegedly been noncompliant with his diabetic medication, and failed to draw a
6 connection between Plaintiff's reported sporadic activities of daily living and the ability to
7 sustain work considering his severe limitations. (Doc. 19.) The Court directed the
8 Commissioner to reconsider these issues and modify the decision as necessary. (Doc. 19.)

9       A prevailing party in an action against the United States is entitled to an award of
10 attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's
11 position was "substantially justified." The government's position is substantially justified
12 "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and
13 fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

14       It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the
15 Court is whether Defendant's position in opposing Plaintiff's appeal from the ALJ's denial
16 of benefits was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir.
17 2008).

18       Under the EAJA, "substantial justification" means that "'the government's position
19 must have a reasonable basis in law and fact.'" Shafer, 518 F.3d at 1071 (quoting Corbin v.
20 Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where ... the ALJ's decision was reversed on
21 the basis of procedural errors, the question is *not* whether [Defendant's] position as to the
22 merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant
23 question is whether [Defendant's] decision to defend on appeal the procedural errors
24 committed by the ALJ was substantially justified." Id. (emphasis in original) (citations
25 omitted).

26       The Court concludes that Defendant's decision to defend the ALJ's determination was
27 not substantially justified. The ALJ committed fundamental procedural errors by improperly
28

rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons for doing so. Specifically, the Court stated:

> When attempting to refute Plaintiff's testimony with the objective medical evidence, the ALJ clearly relies on Plaintiff's apparent noncompliance with his diabetic medication (Tr. at 22, 26-27), yet she spends the entirety of her discussion addressing isolated, non-related portions of the record showing Plaintiff's normal movement, normal strength, and normal heart functioning. (Tr. at 25-26.)
>
> ...
>
> Here, the ALJ failed to seek an explanation from Plaintiff as to why he had allegedly been noncompliant with his diabetic medication, and the evidence of record on this issue is, at best, conflicting. Indeed, the record documents financial constraints, a lack of understanding regarding treatment, and, contrary to the conclusion of the ALJ, compliance with the prescribed medication regimen on various occasions. (Tr. at 571, 363, 318, 543, 564-66, 355, 535.) Thus, the Court finds that the ALJ's failure to explore these explanations was in violation of SSR 96-7p.[1]
>
> Likewise unavailing is the ALJ's reliance on Plaintiff's activities of daily living used to discredit his testimony. The ALJ's analysis consists of the following three sentences:
>
>> The claimant's activities of daily living are inconsistent with his claim of disabling limitations. The claimant testified that his daily activities include getting the children up, folding clothes, watching the children and watching movies. The claimant testified that he could lift a bag of groceries and lift/carry 20 pounds.
>
> (Tr. at 26.) The Court finds that the ALJ fails to draw a connection between Plaintiff's reported sporadic activities of daily living, which included napping for four hours during the day (Tr. at 51), and the ability to sustain work considering his diabetes mellitus with neuropathy, morbid obesity, degenerative disc disease of the lumbar spine, and sleep apnea. Indeed, this

---

[1] Social Security Ruling 96-7p outlines the criteria for evaluating a claimant's credibility and provides that claims of pain may be deemed less credible where the "frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." The Ruling further provides that:

> the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

Circuit has made clear that the mere fact that a claimant engages in normal daily activities "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting Fair, 885 F.2d at 603).

(Doc. 19.)

In light of the Court finding the ALJ's actions to be erroneous, "[i]t follows a *fortiori* the government's defense of the ALJ's procedural errors was not substantially justified ... ." Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008).

Plaintiff's counsel, Eric Slepian, has filed an affidavit and an itemized statement of fees showing that he worked 38.70 hours on this case.[2] Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, see Hensley v. Eckerhart, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees (Doc. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $7,143.66 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 9th day of April, 2014.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

---

[2] In his reply, Plaintiff's attorney requests additional fees for his time spent drafting the reply brief. No additional affidavit or documentation was submitted. Accordingly, the Court will not consider this request.

- 4 -